# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 8 C 5624 | **DATE** | 6/10/2011 |
| **CASE TITLE** | Cynthia Berry et al vs. Chicago Transit Authority et al | | |

**DOCKET ENTRY TEXT**

The Court dismisses as moot her pending motion to proceed *in forma pauperis* [79] on appeal. Defendant's motion to strike [69] is granted.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Cynthia Berry ("Berry") sued Defendant Chicago Transit Authority ("CTA") alleging Title VII violations. On April 25, 2011, the Court granted the CTA's Motion for Summary Judgment.

Berry filed a Motion to Reconsider on May 12, 2011 but she never noticed the motion for presentment to this Court. Local Rule 5.3(b) requires that "[e]very motion or objection shall be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented." The Court grants the CTA's Motion to Strike Berry's Motion to Reconsider for failing to comply with this filing requirement.

Even looking to the merits, the Court denies Berry's Motion to Reconsider. A motion to reconsider is limited to correcting "manifest errors of law or fact" or to present "newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). This motion cannot be used to introduce evidence that was available while the motion for summary judgment was pending, nor can the moving party use it as an opportunity to introduce new legal theories. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). Here, Berry's Motion to Reconsider mentions no newly discovered evidence, nor any arguments identifying any legal or factual deficiencies in the April 25, 2011 order. She simply recycles the same arguments that were made, and rejected, during the summary judgment stage. *See Caisse Nationale*, 90 F.3d at 1270 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments."). Because Berry does not point to any specific facts or law that require reconsideration, the Court denies her Motion to Reconsider.

On May 4, 2011, Berry, not her counsel, filed a Motion to Discharge Her Attorney, Armand Andry ("Andry"). Berry indicated in her motion that Andry requested to withdraw from the case because she insisted

## STATEMENT

on filing an appeal. Andry refused to participate in challenging the merits of this Court's April 25, 2011 order on appeal. Due to this conflict, the Court grants Berry's Motion to Discharge Her Attorney.

Finally, on May 25, 2011, Berry filed a notice of appeal. On that day she also filed in this Court an application to proceed *in forma pauperis* on appeal. Berry voluntarily dismissed her appeal on June 8, 2011 under Federal Rule of Appellate Procedure 42(b). As such, the Court dismisses as moot her pending motion to proceed *in forma pauperis* on appeal.