# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 8 C 5624 | **DATE** | 8/10/2011 |
| **CASE TITLE** | Berry et al vs. Chicago Transit Authority | | |

**DOCKET ENTRY TEXT**

As such, the Court grants Berry's Motion [96] to Proceed *In Forma Pauperis* on Appeal.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff Cynthia Berry ("Berry") brought suit against the Chicago Transit Authority ("CTA") and specific CTA employees alleging hostile work environment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964. On April 24, 2011, the Court granted the CTA's Motion for Summary Judgment. The Court also denied Berry's Motion to Reconsider on June 10, 2011. Berry filed a notice of appeal with the Seventh Circuit on July 7, 2011. She now moves to proceed on appeal of the summary judgment ruling *in forma pauperis*. For the following reasons, the Court grants Berry's Motion to Proceed *In Forma Pauperis* on Appeal.

     Under Federal Rule of Appellate Procedure 24(a), to be eligible to proceed *in forma pauperis*, Berry must attach an affidavit to her motion detailing that: (1) she is unable to pay the fees and costs of appealing; (2) she claims that she is entitled to redress; and (3) she clearly sets forth the issues that she plans to raise on appeal. *See* Fed. R. App. P. 24(a). Moreover, the Court must determine that her appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3). A "good faith" appeal is one where, from an objective perspective, a "reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). To put it in perspective, while both the "good faith" *in forma pauperis* standard and issuing a certificate of appealability in a habeas case involve a threshold analysis of whether the appellant can go forward, the certificate of appealability standard is more demanding—the petitioner must make a "substantial showing of the denial of a constitutional right." *Walker*, 216 F.3d at 631-32; 28 U.S.C. § 2253(c)(2).

     Here, according to Berry's financial affidavit, she has received no income in the last year, nor has she received any public assistance benefits. Her only asset is a car, and the exact make and model is unclear from the affidavit. Berry states that she has no monthly expenses—she spends nothing on rent, food, clothing, medical expenses, transportation, or recreation. Although the Court is puzzled by the fact that Berry apparently has no expenses, it has no specific reason to believe that her sworn affidavit is inaccurate. Because Berry has minimal

| STATEMENT |
|---|

assets, and no expected sources of income in the next few months, the Court finds that she is financially unable to pay the filing fee. Second, she states that on appeal she is raising the issues of wrongful termination, sexual harassment, and hostile work environment, as Federal Rule of Appellate Procedure 24 requires. Finally, for the reasons outlined in the Court's April 24 Memorandum Opinion and Order, Berry's claims against the CTA are legally and factually deficient. In fact, her claims each failed for multiple different reasons. Given the generous "good faith" standard, though, the Court determines that Berry's appeal is in good faith.

As such, the Court grants Berry's Motion to Proceed *In Forma Pauperis* on Appeal.